CHIEF JUSTICE McGRATH,
dissenting.
¶34 The statement referenced by the majority was made as part of a closing argument, the summation made by the attorneys following the conclusion of the presentation of evidence to the jury. The statement was made at the end of that closing argument, following her summation of all the evidence submitted.
¶35 Taken in context of the entire proceeding, it is clear that the prosecution was not suggesting that the defendant was not entitled to the presumption of innocence, but rather making the argument that the evidence she had just summarized would overcome that presumption of innocence.
¶36 The jurors were properly instructed by the District Court Judge. Instruction No. 4 provided:
The Defendant is presumed to be innocent of the charge against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the Defendant is guilty. The Defendant is not required to prove his innocence or present any evidence.
Significantly, Instruction No. 2 provided:
You should take the law in this case from my instructions alone. *97 You should not accept anyone else’s version as to what the law is in this case. You should not decide this case contrary to these instructions, even though you might believe the law ought to be otherwise. Counsel, however, may comment and argue to the jury upon the law as given in these instructions.
¶37 Instructions are not only read aloud by the judge, but they are provided to the jury in writing to be taken into deliberations for the purpose of review by the jurors. They clearly provide that jurors should take the law from the instructions alone, and not accept other versions of what the law is. The prosecutor’s closing statement here was a comment on the evidence presented and not intended to counter the law as it was clearly given in the District Court instructions.
¶38 As the majority notes, the plain error doctrine should be used sparingly, and only in cases where the alleged error may “result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceeding, or compromise the integrity of the judicial process.” McDonald, ¶ 8. Viewed in context of the entire trial,[1] particularly the instructions, this comment made by the prosecutor at the end of the closing argument, after summarizing the evidence presented to the jury, does not meet the standard required to invoke plain error review.
¶39 Closing argument is a unique portion of a trial. It is an opportunity for the attorneys to present the case as they see it. And by its very nature, it is argument—not evidence. Jurors understand the function of argument. The lawyers in the case understand the function of closing argument and objecting in a closing argument is seldom necessary.
¶40 For the reasons stated above, I dissent.
JUSTICE RICE joins the Dissent of CHIEF JUSTICE McGRATH.

 The prosecutor also made it clear in her final closing argument that the State has the burden of proving the charges beyond a reasonable doubt, and that they readily accept that challenge.